Nott, Ch. J.,
delivered the opinion of the court:
In this case the owners of the vessel were the owners of the cargo. The outward-bound cargo, carried from an American port to a British (belligerent) port, consisted of horses.
Horses belong to that disputable class of merchandise which may or may not be contraband, according to the circumstances of a case. Where they may be serviceable to the military forces, of the belligerent they are contraband; where they are clearly for the use of the noncombatant portion of a community they form an innocent cargo. Whether' they were or were not contraband was frequently — was almost invariably— a-vexed question during the eighteenth century in prize cases. {The Atlantic, present term.)
The treaty with France of February 6. 1778 (8 Stat. L., p. 12, Art. xxiv), without reservation or qualification declares horses to bo contraband. The only purpose which the court can ascribe to the treaty is that the high contracting parties designed to make that certain which before was uncertain— to remove a cause of dispute from the future determination of prize courts.
The seizure and condemnation of the vessel and cargo in this case were in March, 1798. The voyage therefore came within the restrictions of the treaty, and the court is not at liberty now to inquire into the circumstances of the importation, but must hold that the outward-bound cargo was contraband.
Where the owners of a vessel were the owners of the cargo, the vessel as well as the cargo was subject to confiscation; and where the vessel carrying contraband was falsely documented, or cleared for a false destination, or was guilty of fraud, the liability to confiscation attended the entire voj'uge; that is to say, from the home port back to the home port, and to the cargo on the return voyage, though it might be innocent. There can be no doubt but that such was the recognized law of nations at the close of the eighteenth century. (The Joseph, 8 Cranch, 451-454; Carrington v. Merchants' Insurance Co., 8 Peters R., 494-520.)
*101 In this case it appears by the decree that the vessel cleared for Surinam, a neutral port, but carried her contraband cargo to Demarara, a belligerent port. Neither the protest of the master, nor any document or evidence produced by the claimants, rebuts or tends to rebut the recitals of the decree. The court must therefore declare that the seizure and condemnation of the vessel and cargo were not illegal and that the owners were not entitled to indemnity. The case will be so reported to Congress, together with a copy of this opinion.