## CITY OF ST. PAUL v. DERRIK HAROLD LOFTHOUSE.

146 N. W. (2d) 858.

November 25, 1966—No. 40,162.

*Carol Lofthouse,* for appellant.

*Stephen L. Maxwell,* Corporation Counsel, and *Daniel A. Klas,* Assistant Corporation Counsel, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction in municipal court based upon an alleged violation of St. Paul Legislative Code, § 134.14, which relates to U-turns by vehicles on the streets of the city of St. Paul. The issue is whether the city is required to provide a sign, marking, or other device to give effect to the ordinance, which purports to prohibit U-turns at intersections where the traffic is controlled by automatic devices; and if so, whether the semaphore serves as such sign, marking, or device within the meaning of the ordinance.

From the abbreviated record with which we have been furnished it appears that on September 28, 1965, at approximately 8:30 p. m., defendant Lofthouse was driving his automobile east on University Avenue in the city of St. Paul. At the intersection of Chatsworth Avenue, where there was an automatic stop-and-go sign, Lofthouse made a full stop and then with the green light executed a U-turn. St. Paul police officers who were in the area observed the maneuver, stopped Lofthouse after he had proceeded west for a half block, and issued him a ticket for an improper U-turn. It is agreed that at the time of the occurrence traffic conditions were moderate and no "accident-type hazard" was present. It is also conceded that the intersection was controlled by an automatic electric stop-and-go signal and that no sign prohibiting a U-turn was in place.

Some reference should be made to the locale where the incident occurred. University Avenue is a broad thoroughfare which, until recent construction of an interstate highway which is partly completed and parallels it at this point, has been the main highway between the cities of St. Paul and Minneapolis. The avenue is 100 feet in width and divided by a 5-foot concrete median strip. Allowances are made for parking space along the curbs, and in addition, the street provides 36 feet for 3

lanes of traffic in each direction. The interval between the median strips at the intersection is 70 feet, which allows ample space for turning.

Section 134.14 provides:

"(1) No vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to, or near the crest of a grade where such vehicle cannot be seen by the driver of any other vehicle approaching from either direction within 500 feet.

"(2) No vehicle shall be turned around upon any highway unless such vehicle shall first proceed to the next cross street and shall then make the turn to the left, after reaching the center of said cross street.

"(3) No vehicle shall be turned around upon any highway within the congested district, nor at any intersection controlled by a traffic officer or automatic traffic control device, and no vehicle shall at any time be so turned around, unless such movement can be made in safety and without interfering with other traffic."

Defendant allegedly violated paragraph (3) of this section.

While this regulation is not a model of clarity, we may assume for the purpose of this opinion that it was intended to prohibit (1) U-turns in a congested district and (2) U-turns at an intersection controlled by a traffic officer or automatic traffic-control device. If we understand the argument of the city correctly, it appears to be that it is lawful to make a U-turn at intersections up and down University Avenue where the movement may be made in safety, except at controlled intersections. The city contends that at controlled intersections no U-turn may be made, even though such movement may be made safely without interfering with other traffic. It is the contention of the defendant that the ordinance is not violated in the absence of a sign, marking, or other device informing the operator of the vehicle that a U-turn is prohibited. The defendant contends that without a sign or marking the traveling public cannot know that U-turns are prohibited at such intersections. It is conceded that the city has put in place signs prohibiting U-turns at some controlled intersections and not at others. Section 130.02(41) defines a "congested district" by reference to specific streets and intersections in the municipality. The intersection at University and Chatsworth is not defined as a

congested district. However, Kellogg Boulevard, which is a comparable divided highway, has "No U-turn" signs posted at controlled intersections.

We said in Duffy v. Martin, 265 Minn. 248, 255, 121 N. W. (2d) 343, 348:

"The purpose of uniformity required by our statutes [between statutes and ordinances regulating traffic] is to enable a driver of a motor vehicle to proceed in all parts of the state without risk of violating an ordinance with which he is not familiar."

We agree with defendant that § 134.14(3) should be construed in light of § 129.19, which provides:

"Whenever, by any of the provisions of this code, signs, markings, or devices are required to give effect to such provision it shall be the duty of the Traffic Engineer, insofar as practicable, to erect appropriate signs, markings, or devices, and *penalty provisions shall not be enforced in the absence of such signs, markings, or other devices.*" (Italics supplied.)

■ In this type of violation, the intent with which the act is done, or knowledge or ignorance of its wrongful character, is immaterial. The act of operating an automobile in violation of the ordinance constitutes the offense. It seems to us that by the provisions of § 129.19 it is comprehended that the penal provisions of traffic ordinances should not be enforced in the absence of warning signs by which motorists should be guided. Where a traffic restriction is not universally known or observed as in effect in a given place, it is no more than reasonable to expect that the public should be adequately informed of the restriction before penal sanctions apply. In light of the provisions of § 129.19, we do not think that the defendant here was adequately informed of the restriction against a U-turn.

■ Moreover, since the alleged violation here is technical and not in itself a culpable act, practical considerations require that there should be some actual substance to the charge made. This is so because there may attach to the conviction other sanctions which are far more serious than the penalty imposed by the ordinance. It is a well-known fact that

violations of traffic laws are recorded with the commissioner of highways without regard to special circumstances and that such violations are considered by insurance company underwriters in fixing premiums and limits of insurance. Under the circumstances we are of the view that, because of the absence of signs or markings prohibiting a U-turn, the sanctions provided by § 134.14(3) should not be applied.

Reversed.