## STATE v. TERRY DEAN JOHNSON.

183 N. W. (2d) 541.

January 22, 1971—No. 42252.

*Weis & Frauenshuh Law Firm* and *Dale E. Parker,* for appellant.

*Douglas M. Head,* Attorney General, *James Kelley,* Assistant Attorney General, and *Larry K. Houk,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Kelly, and Rosengren, JJ.

NELSON, JUSTICE.

This matter comes before this court on appeal from a judgment of conviction entered by the District Court of Kandiyohi County pursuant to a finding that defendant-appellant, Terry Dean Johnson, was guilty of a violation of Minn. St. 1967, § 84.87, subd. 1. The finding was made after an appeal from a similar ruling of guilty in the municipal court of Willmar.

The facts as stipulated to in the trial court are as follows: On the afternoon of November 25, 1968, defendant was operating his snowmobile in the ditch portion of the right-of-way of State Trunk Highway No. 23 approximately 2 miles south of New London, Minnesota, near the vicinity of Nest Lake. He was traveling in a northerly direction in the right hand ditch and intended to go to a restaurant-service station, which was about 4 blocks away and on the left or west side of the road. At this point he came to a bridge over a waterway connecting two small lakes, one on either side of the highway. At that time of the year the ice on the waterway was not strong enough to support defendant and his snowmobile. Defendant then left the ditch portion of the highway and crossed to the left shoulder by means of the bridge. The right side of the road was impassable for almost the entire distance to the service station because of a steep slope from the shoulder down to the water and to marshy areas. North of the

bridge there were guard rails for half a block on both sides of the highway. On the left side of the road where defendant was traveling was a small park where he could have driven his snowmobile in the ditch. While still by the guard rails, or a short distance beyond them, defendant was stopped and issued a ticket by Officer Millard Helgeson of the Minnesota Highway Patrol. The ticket was issued for violation of Minn. St. 1967, § 84.87, prohibiting the operation of a snowmobile upon the shoulder of a trunk highway.

Defendant assigns as error the trial court's not permitting defendant to avail himself of the defenses of necessity and reasonableness and thereby raises the issue as to whether such defenses are allowable in criminal actions instituted pursuant to § 84.87.

Minn. St. 1967, § 84.87, subd. 1, provided:

"(a) No person shall operate a snowmobile upon the roadway, shoulder, or inside bank or slope of any trunk or county state aid highway in this state except as provided in this act. No person shall operate a snowmobile within the right of way of any trunk or county state-aid highway between the hours of one-half hour after sunset to one-half hour before sunrise. No snowmobile shall be operated at any time within the right of way of any interstate highway or freeway within this state.

\* \* \* \* \*

"(d) A snowmobile may be operated upon a public street or highway other than as provided by clause (b) [relating to a direct crossing of a street or highway] in an emergency during the period of time when and at locations where snow upon the roadway renders travel by automobile impractical."

■ It is clear that the legislative intent was to prohibit, with but two exceptions, the operation of snowmobiles upon the roadway, shoulder, or inside bank or slope of any trunk or county state aid highway without regard to the intention, knowledge, or motive of the snowmobile operator, this being an authorized form of legislative action. See, State v. O'Heron, 250 Minn. 83, 83 N. W. (2d) 785.

A full consideration of the statutory provisions indicates that the legislature intended to allow snowmobile operation upon the shoulders of highways only in connection with a lawful crossing of a highway or during a time of an emergency. The legislature did not authorize travel upon the shoulders of highways for any other purposes. Minn. St. 645.16 provides in part:

"When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."

■ In a prosecution for such an offense as prohibited by § 84.87, the defense of necessity, for which elements of peril or emergency are required, is not available if the defendant could have avoided the emergency by taking advance precautions. See, Commonwealth v. New York Cent. & H. R. R. Co. 202 Mass. 394, 88 N. E. 764.

It is clear from the law applied to similar situations that one cannot avail himself of the defense of necessity, thereby excusing a prohibited act, where one has knowingly placed himself in a prohibited position merely because to commit the act would be more convenient. See, *The Joseph,* 12 U. S. (8 Cranch) 451, 3 L. ed. 621; *The New York,* 16 U. S. (3 Wheat.) 59, 4 L. ed. 333.

There was no emergency or peril in the case at bar. Defendant knew of the waterway before he set out on his snowmobile. Had defendant made adequate provisions in advance, it would have been unnecessary for him to travel the route he did.

Where courts have dealt with the defense of necessity, it has been held that the defense applies only in emergency situations where the peril is instant, overwhelming, and leaves no alternative but the conduct in question. See, United States v. Holmes, 26 Fed. Cas. 360 (No. 15,383). The defense would be unavailable if the choice of action is necessitated by recklessness or negligence. To allow the defense, the choice of action must be necessitated by an emergency. That defense does not apply to the pres-

ent fact situation where there was no emergency and the placement of defendant in a prohibited area could have been avoided by advance preparation.

Defendant relies upon the decision of this court in City of St. Paul v. Lofthouse, 275 Minn. 312, 146 N. W. (2d) 858. Such reliance is not entirely supported by the Lofthouse case. There the defendant made a U-turn at an intersection controlled by traffic lights on one of St. Paul's busier streets. He was issued a ticket for an improper U-turn by St. Paul police and was subsequently convicted of a violation of St. Paul Legislative Code, § 134.14. On appeal, the defendant contended that he did not violate the ordinance because there was no sign, marking, or other device informing an operator of a vehicle that a U-turn was prohibited. There was evidence that the city had placed signs prohibiting U-turns at some controlled intersections and not at others. This court reversed the conviction, partially basing its decision on the language of § 129.19 of the St. Paul Legislative Code, which stated that "penalty provisions shall not be enforced in the absence of such signs, markings, or other devices." Mr. Justice Murphy, speaking for the court, stated (275 Minn. 315, 146 N. W. [2d] 861):

"* * * Where a traffic restriction is not universally known or observed as in effect in a given place, it is no more than reasonable to expect that the public should be adequately informed of the restriction before penal sanctions apply."

In the instant case defendant was convicted under a statute which is unlike the ordinance considered in Lofthouse. The statute here expressly prohibits the operation of a snowmobile on the shoulders of trunk highways and has none of the conditional aspects on which the court based its opinion in Lofthouse. These two cases are clearly distinguishable on their facts.

The question to be considered is to what extent is necessity a general defense to criminal acts, even where it has not been specifically provided for by statute. Necessity has been defined

by one writer as meaning "the assertion that conduct promotes some value higher than the value of literal compliance with the law."[1] It is often difficult to state the circumstances under which the defense of necessity would exist or be admitted. Its peculiarity as a doctrine of law is the difficulty or impossibility of formulating it with any approach to precision. Much of what would otherwise be covered by the doctrine is specifically provided for by law, whether statute or precedent. Williams, Criminal Law, § 173, p. 570, states:

"* * * It [necessity] is in reality a dispensing power in the judges where they are brought to feel that obedience to the law would have endangered some higher value."

There are few American authorities on the doctrine of necessity and we have found no Minnesota cases on its use as a common law criminal defense. In most of the cases the act done by the defendant was done for the preservation of life, and this is the main application of the defense, although tort law recognizes necessity to save property.

The only general restriction of the doctrine, and one recognized by most authorities, is that it is apparently confined to cases where the harm sought to be avoided is an immediate and physical one.

In Minnesota the defense of necessity has been incorporated into several criminal statutes by the legislature. See, Minn. St. 243.52; 609.06; 609.065; and 609.765. In 21 Am. Jur. (2d) Criminal law, § 99, it is stated that there is some authority to the effect that an act done from compulsion or necessity is not a crime; but the necessity or compulsion which will excuse a criminal act must be clear and conclusive and must arise without negligence or fault on the part of the defendant. Thus, it has been held that the defense of necessity is not available, at least where the defendant could have avoided the emergency by taking advance precautions.

---

[1] Williams, Criminal Law, § 172.

The act of defendant herein was not done for the preservation of life. The harm sought to be avoided was not immediate or physical; defendant's act was in no way a reaction to an emergency situation; instead it was an act that he could have avoided by taking advance precautions and avoiding the use of the bridge. The instant case is therefore not one for which the common-law defense of necessity should be made available. Its use is simply not merited, either factually or generally, under existing law in this or other jurisdictions.

Affirmed.