**CITY OF DES MOINES, Appellee,**

v.

**Harrison S. DAVIS, Appellant.**

**No. I–56069.**

Supreme Court of Iowa.

Jan. 16, 1974.

Marlyn S. Jensen, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Philip T. Riley, Corp. Coun., and David Welu, Asst. City Atty., Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Defendant was charged with driving 41 miles per hour in a 30-mile per hour zone in violation of section 30–172 of the Municipal Code of the City of Des Moines. The offense is alleged to have occurred on October 16, 1972, and on November 7, 1972 defendant appeared in the Municipal Court of the City of Des Moines and entered a plea of not guilty in open court, was found guilty and appealed to the District Court.

Trial on appeal was had on January 10, 1973 to a six-member jury, which returned a verdict of guilty. Defendant bases his appeal on the court's refusal of his request to instruct the jury as to legal justification or excuse. We affirm trial court.

Defendant, at the time of his arrest, was traveling northeast on Interstate 235 in the city of Des Moines and exited on the Easton Boulevard interchange, and was preceded by a car with an Arkansas license plate and followed by a third car. The proceedings were not reported, but the record before us indicates defendant testified that the driver of the Arkansas car which preceded him slowed as if to make a turn and then proceeded forward, and that defendant then decided to pass the Arkansas car, although he testified he could have avoided the situation by slowing his vehicle. He testified he was under the impression the Arkansas vehicle might turn into his lane of traffic so he accelerated additionally to avoid a collision. He further testified the car following him was beginning to pass. The driver of the car following defendant testified he recalled the Arkansas car had turned left onto Searle Street after both he and the defendant had passed it. The police officer operating the radar equipment which reflected the fact

the appellant's speed was 41 miles per hour in a posted 30-mile per hour zone, testified defendant's car maintained a speed of 41 miles per hour for a distance of three-quarters of a block past Searle Street until passing the officer's radar equipment, and that defendant gave no indication that he was slowing the progress of his vehicle.

Defendant contends the above recited facts generated a question as to whether his actions were justified and legally excusable, and that since the court refused to instruct the jury as to legal excuse the court committed error.

Trial court submitted draft copy of his instructions to counsel for defendant and counsel for the City, and defendant's counsel then requested the court to submit the following instruction:

"In the event you find that the defendant was exceeding the speed limit on Easton Boulevard in the 2200 block in the City of Des Moines, you must then decide whether or not the defendant had reasonable apprehension which would justify or excuse his accelerating his automobile under the circumstances. If you find that the defendant did have reasonable apprehension and had legal excuses or justification for accelerating to avoid what he felt was a possible accident, you are obligated to return a verdict of acquittal."

The request for the submission of such instruction was resisted by counsel for the City.

Defendant contends the trial court's error in refusing to instruct the jury as to legal justification or excuse deprived defendant of a fair and impartial trial. He asserts justification and legal excuse arise from necessity and are a complete defense to an alleged offense not being confined to intent only.

I. We have found no Iowa case on the use of the doctrine of sudden emergency as a common-law criminal defense.

■ Legal excuse has been defined by this court as:

(1) Anything that would make it impossible to comply with the statute or ordinance.

(2) Anything over which the driver had no control which places his car in a position contrary to the provisions of the statute or ordinance.

(3) Where the driver of the car is confronted by an emergency not of his own making and by reason thereof he fails to obey the statute; and

(4) Where a statute specifically provides an excuse or exception.

Young v. Hendricks, 226 Iowa 211, 213, 283 N.W. 895, 896–897. See also Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552.

Defendant based his request for instruction on his contention he was placed in a situation requiring him of necessity to either exceed the speed limit or to face the prospect of being involved in a collision. He testified however that he could have avoided the consequences of either exceeding the speed limit or being involved in a collision by merely slowing down the forward progress of his automobile.

■ A motorist may not invoke the sudden-emergency rule as an excuse for exercise of poor judgment, when emergency confronting the motorist was brought about by his own failure to obey a statute. See Kremer v. Fortin, 119 Vt. 1, 117 A.2d 245, 249.

■ Clearly the act of the defendant herein in accelerating his automobile beyond the legal speed limit was in no way a reaction to an emergency situation; instead it was an act that he could have avoided by taking advance precautions and slowing his vehicle as he testified he could properly have done. The instant case is therefore not one for which the common-law defense of sudden emergency should be made available.

In State v. Johnson, 289 Minn. 196, 183 N.W.2d 541, in which the defendant had been charged with violation of a statute proscribing the operation of snowmobiles upon the public way, the defendant sought to avail himself of the doctrine of necessity. The record established in State v. Johnson that defendant had been operating a snowmobile in the road ditch, and when he came to a bridge over a waterway connecting two small lakes he determined the ice was not strong enough to support him and his snowmobile, and he then left the ditch portion of the highway and crossed to the left shoulder by means of the bridge. While traveling on the left side of the road he was arrested and after conviction appealed, assigning as error trial court's failure to permit defendant to avail himself of the defenses of necessity and reasonableness, and raised the issue as to whether such defenses are allowable in criminal actions. In affirming conviction the Minnesota court said, at page 544 of 183 N. W.2d:

"(t)here is some authority to the effect that an act done from compulsion or necessity is not a crime; but the necessity or compulsion which will excuse a criminal act must be clear and conclusive and must arise without negligence or fault on the part of the defendant. Thus, it has been held that the defense of necessity is not available, at least where the defendant could have avoided the emergency by taking advance precautions."

See also State v. Zullo, 4 Conn.Cir. 573, 236 A.2d 718, 720 and City of Kettering v. Greene, 9 Ohio St.2d 26, 222 N.E.2d 638.

II. Defendant appears to argue trial court's refusal to submit his requested instruction to the jury was due to the failure of trial court to comprehend that the instruction did not relate to the question of defendant's intent to commit the charged offense.

■ Clearly the ordinance defendant is charged with violating does not make in-

**202**

tent an essential element for conviction. There is no suggestion in the ordinance that guilty knowledge or criminal intent must be shown, or the lack of proof thereof is fatal to the prosecution. The doing of an act may be forbidden by statute or ordinance without regard to the intent or knowledge of the doer. We hold intent is not an essential element of the offense here. See State v. Wharff, 257 Iowa 871, 875, 134 N.W.2d 922, 925; and City of Kettering v. Greene, *supra*.

We are unable to perceive merit in defendant's contentions. This case is therefore affirmed.

Affirmed.