**STATE of Missouri, Plaintiff-Respondent,**

v.

**Connie T. WISE, Defendant-Appellant.**

**No. 11245.**

Missouri Court of Appeals, Southern District, En Banc.

Nov. 19, 1979.

Galen B. Thomas, Springfield, for plaintiff-respondent.

Lloyd R. Henley, Springfield, for defendant-appellant.

PER CURIAM:

Defendant was charged under § 302.321, Laws 1972, p. 944, with the misdemeanor of driving a motor vehicle upon the highways of this state while his "operating privileges had been revoked by the Director of Revenue . . . having been five times previously convicted of driving while license revoked." Defendant waived a jury, was court-tried, found guilty and "sentenced to a term of ninety (90) days in the Greene County jail and a fine or (sic) $100.00." Defendant appealed.

A corporal of the Missouri State Highway Patrol, on the date in question, was stopping vehicles at an intersection of public streets in Springfield "checking driver's license and vehicle license and vehicle defects," when he observed defendant driving "an older model truck . . . with a 1974 expired vehicle license on it." Defendant admitted to the trooper "he didn't have any driver's license" and a driver's license check conducted via radio confirmed the confession. At trial, defendant also confessed he had no license but sought the court's sympathy by asseverating this was "a one-time stint at driving, in order to help

his brother, who 'didn't have a driver's license either' and who suffered from serious medical problems, find . . . a 'place to stay.' "

 On appeal, defendant's first point relied on, in substance, is that his conviction should be overturned because "there was no direct or other sufficient evidence that defendant was driving upon a highway of this state as required by the statute." As above noted, the corporal testified he observed that the violation occurred while defendant was driving at an intersection of public streets in Springfield. Chapter 304 RSMo 1969, relating to "Traffic Regulations", defines "highway" (§ 304.025) to "mean any public road or thoroughfare for vehicles, including state roads, county roads and public streets, avenues, boulevards, parkways or alleys in a municipality." Defendant's first point is denied.

 In his second point defendant says the finding of guilt was unwarranted because the driving involved was one of necessity or a humanitarian action, the benefits of which outweighed the harm, or, at least, constituted a mitigating circumstance which the trial court should have considered.

The cases and authorities cited in support of the first segment of defendant's second point [*United States v. Richardson*, 588 F.2d 1235 (9th Cir. 1978), cert. denied, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); *State v. Ragland*, 4 Conn.Cir. 424, 233 A.2d 698 (1967); *Frasher v. State*, 8 Md.App. 439, 260 A.2d 656 (1970); *State v. Johnson*, 289 Minn. 196, 183 N.W.2d 541, 45 A.L.R.3d 1432 (1971); LaFave & Scott, Handbook on Criminal Law (1972)] do not support his claim that the driving in this case was one of necessity or an act performed as a required humanitarian action.

 There is nothing in the record to indicate that the trial judge did not consider all mitigating circumstances, if any, presented in the cause and a sentence within the range authorized by statute is not subject to attack as being excessive. *State v. Phillips*, 480 S.W.2d 836, 837[4] (Mo.1972);

*State v. Motley*, 546 S.W.2d 435, 438[5] (Mo. App.1976).

Judgment affirmed.

All concur.