STATE of Minnesota, Respondent.

v.

Gordon Leroy HANSON, Appellant.

No. C3–90–1628.

Court of Appeals of Minnesota.

April 9, 1991.

Review Denied June 3, 1991.

Hubert H. Humphrey, III, Atty. Gen., Steven H. Alpert, Sp. Asst. Atty. Gen., St. Paul, Martin Berg, Roseau County Atty., Roseau, for respondent.

Jack Nordby, Howard Bass, Meshbesher & Spence, Ltd., Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and HUSPENI and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

This appeal is from a conviction for the manufacture of marijuana, Minn.Stat. § 152.09, subd. 1(1) (1988). Appellant Gordon Hanson challenges the trial court's exclusion of a defense of medical necessity. We affirm.

## FACTS

Appellant Gordon Hanson has suffered from epilepsy since 1956. Over the years, Hanson's doctors have prescribed many of the major available anti-seizure medications. Hanson complained about the side effects of these medications. In 1975, Hanson began experimenting with marijuana for medicinal purposes. He was convicted of marijuana possession in 1982. On appeal from that conviction, the supreme court rejected Hanson's challenge to the classification of marijuana as a Schedule I controlled substance. ° *State v. Hanson*, 364 N.W.2d 786, 790 (Minn.1985).

This appeal arises from a 1989 arrest for the cultivation of marijuana. Police executed a search warrant and found over 100 marijuana plants growing in Hanson's garden. Before trial, Hanson moved to dismiss on various grounds, including state and federal constitutional claims. At the omnibus hearing, Hanson requested the

motions on constitutional issues be held in abeyance until he was able to present expert testimony. This testimony was presented at an offer-of-proof hearing, held after Hanson gave notice that he would present a defense of medical necessity. The state moved to exclude any evidence relevant to such a defense.

Prior to the hearing, the court had issued an order granting the state's motion "to exclude the defense of medical necessity." The court noted the statutory provisions for medical use of certain (non-Schedule I) controlled substances, and the research program for use of marijuana in alleviating side effects of chemotherapy. The trial court concluded that it could not alter the legislative decision to classify marijuana as a Schedule I substance and to disallow any use other than for limited medical research.

After Hanson moved for reconsideration of this order, he presented expert testimony from Dr. David Rosenbaum, a neurologist specializing in epilepsy, and Dr. Dennis Petro, a neurologist active in drug research and development. Dr. Rosenbaum acknowledged two recently-developed drugs, Tegretol and Depakote, had never been prescribed for Hanson. Dr. Petro gave his opinion that cannabidiol, one of the components of marijuana, was "therapeutically useful in controlling epileptic seizures."

The trial court again ruled that the defense of medical necessity could not be presented. Hanson then waived his right to a jury trial, and stipulated to the facts as stated in the complaint, pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980), to expedite appellate review.

## ISSUE

Did the trial court err in excluding the defense of medical necessity?

## ANALYSIS

■ Minnesota courts have acknowledged and applied the common law defense of necessity. *See State v. Johnson*, 289 Minn. 196, 183 N.W.2d 541, 543 (1971) (common law necessity defense acknowledged but found not to apply to snowmobiler operating on roadway). Hanson, citing decisions from other jurisdictions, argues that the trial court erred in excluding medical necessity as a defense to a marijuana charge. *See, e.g., State v. Diana*, 24 Wash.App. 908, 915–16, 604 P.2d 1312, 1317 (1979). We disagree.

Minnesota appellate courts have not previously been presented with a defense of medical necessity, nor has our legislature codified a necessity defense. However, a prime feature of this defense as developed elsewhere is a deference to the legislative prerogative to define the criminal offense:

> The defense of necessity is available only in situations wherein the legislature has not itself, in its criminal statute, made a determination of values. If it has done so, its decision governs.

1 LaFave & Scott, *Substantive Criminal Law* § 5.4, 631 (1986) (footnotes omitted); *see also* 10 Unif. Laws Annot. Model Penal Code § 3.02(c) ("a legislative purpose to exclude the justification claimed does not otherwise plainly appear").

The Minnesota legislature has attached criminal penalties to the possession, sale or cultivation of marijuana. Minn.Stat. §§ 152.01, subd. 7, 152.02, subd. 1 (1990), 152.09, subd. 1(1) (1988). The statutory classification of marijuana as a Schedule I substance implies a determination that marijuana has "no currently accepted medical use in the United States." Minn.Stat. § 152.02, subd. 7(1) (1990). The legislature has enacted a single exception, in the THC Therapeutic Research Act (TRA), exempting from criminal sanctions possession or use of marijuana for cancer patients undergoing chemotherapy who are receiving the drug under the strict controls of an approved medical research program. Minn. Stat. § 152.21, subds. 1, 3, 6 (1990). These statutory provisions demonstrate that the legislature has specifically addressed and determined the possible medical uses of marijuana.

Hanson relies significantly on the reasoning of *State v. Tate*, 194 N.J.Super. 622, 477 A.2d 462 (1984), an intermediate appellate court decision. He acknowledges that decision was reversed, *State v. Tate*, 102

N.J. 64, 505 A.2d 941 (1986), but points to the three strong dissents to that reversal. However, in *Tate*, the intermediate court relied heavily on New Jersey's codification of the common law defense of necessity. 194 N.J.Super. at 628–30, 477 A.2d at 466. Our legislature has not codified this defense. *Cf.* Minn.Stat. §§ 609.06 (authorized use of force), 609.065 (justifiable taking of life) (1990).

The intermediate court in *Tate*, and the Washington Court of Appeals in *Diana*, concluded that those states' Therapeutic Research Acts (TRAs) implied a broad recognition of the medical value of marijuana. *Tate*, 194 N.J.Super. at 633, 477 A.2d at 468; *Diana*, 24 Wash.App. at 915, 604 P.2d at 1316–17. We believe that such a conclusion is misplaced. The New Jersey Supreme Court noted:

> The enactment of the TRA * * * gives further support to the conclusion that the legislature's purpose was to exclude the defense of "necessity" in the circumstances before us.

*Tate*, 102 N.J. at 72, 505 A.2d at 945 (1986) (citation omitted). The *Tate* court concluded by stating:

> We are therefore satisfied that our legislature has contemplated the defense urged by Michael Tate, has provided a specific exception dealing with it * * * and has made plain its intent to exclude the defense except as specifically provided. Therefore ["choice-of-evils" statute] does not allow the extension of this defense under conditions not permitted by the legislature.

*Id.* at 72–3, 505 A.2d at 945 (citation omitted).

While Minnesota has not, like New Jersey, made a general exception for the use of a controlled substance under prescription, the enactment of the TRA, along with the implications of the Schedule I classification of marijuana, show conclusively that the possible medical uses of marijuana have been brought to the legislature's attention. In this regard, Hanson has not shown that the anti-seizure potential of marijuana is so unique, or affects such a small number of people, as to be inappropriate for legislative action.

Because we conclude that the trial court did not err in excluding, as a matter of law, the defense of medical necessity, we need not reach the trial court's other determinations regarding the application of that defense to this case. Hanson has appended to his reply brief a letter concerning the possible prescription of alternative medications. That letter was not part of the record before the trial court, and the state's motion to strike this appendix is granted.

■ Finally, Hanson argues that the prohibition against marijuana possession despite its claimed medicinal value to him violates his constitutional rights to due process, equal protection, privacy, and medical treatment. Although these claims were not conclusively waived in the trial court, and not determined in Hanson's previous appeal, they are without merit. We note only that the supreme court in that appeal made clear that the "rational relation" test applies to the classification of marijuana. *State v. Hanson*, 364 N.W.2d at 790. The court did not discuss the TRA but cited with approval a Washington case upholding the "rational relation" of such a limited research program to a legitimate legislative purpose. *Id.* Notably, cancer is a life-threatening disease for which chemotherapy, whose effects marijuana may counteract, is a necessary method of treatment. The legislature could reasonably have distinguished this situation from anti-seizure medication, in which marijuana possesses only an arguable, relative impact on side effects.

## DECISION

The trial court did not err in concluding that the medical necessity defense cannot be applied to the possession or use of marijuana.

Affirmed.