*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1598**

State of Minnesota,
Respondent,

vs.

Bradley D. Fordyce,
Appellant.

**Filed October 14, 2014
Affirmed
Ross, Judge**

Crow Wing County District Court
File No. 18-CR-12-4620

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Candice Prigge, Assistant County Attorney, Brainerd, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

A deputy sheriff's hidden camera captured an image of Bradley Fordyce in the woods cultivating a marijuana crop in Crow Wing County. An investigation led to more

marijuana in Fordyce's apartment. After the state charged Fordyce with sale and possession of marijuana, he dismissed his public defender, went to trial without legal counsel, and was convicted and sentenced to serve intermittent periods in jail and pay a fine. Because we are not persuaded by Fordyce's arguments on appeal that he was entitled to assert a medical-necessity defense, that the district court erred by imposing the fine, or that he received ineffective assistance from his public defender, we affirm.

## FACTS

Someone tipped off the Crow Wing County Sheriff's Office in September 2012 that marijuana was growing in a wooded area. Sergeant Joseph Meyer found eleven apparently cared-for plants. The sergeant installed a pair of concealed cameras that captured the image of a man tending the marijuana. Sergeant Meyer returned several days later and discovered that the plants were harvested, and new photographs helped him identify Fordyce as the cultivator.

Sergeant Meyer took other deputies to Fordyce's apartment and arrested him inside. A bright light emanating from within one of Fordyce's closets drew the sergeant's attention. He discovered more marijuana plants growing inside. Officers obtained a warrant to search the apartment and discovered more plants, several containers of processed marijuana, and equipment for growing marijuana. Forensic testing revealed that one of the bundles of marijuana weighed 37.2 grams and another weighed 68.9 grams. The state charged Fordyce with fifth-degree sale and fifth-degree possession of marijuana.

Fordyce applied for and received a public defender, but the relationship did not last. In April 2013, Fordyce petitioned the court to permit him to proceed pro se. The district court granted the petition after a colloquy with Fordyce satisfied the court that he understood the implications of representing himself. It appointed advisory counsel, and the case went to trial later that month.

Police testified to the events as just described. Fordyce cross-examined Sergeant Meyer about his understanding of the Constitution. Fordyce informed the district court that he intended to defend by maintaining that Minnesota's laws criminalizing selling and possessing marijuana are unconstitutional and that it was medically necessary for him to use marijuana. He based the latter contention on this court's unpublished opinion affirming Fordyce's 2003 conviction for fifth-degree controlled-substance crimes. *See State v. Fordyce*, No. C7-02-2126, 2003 WL 21694528 (Minn. App. July 22, 2003). There we reasoned that the district court erred by prohibiting Fordyce from testifying that he was growing and using marijuana because it made his life worthwhile in ways Western medicine did not. *Id.* at *2. But we concluded that the error was harmless because Fordyce could not assert a medical-necessity defense. *Id.*

The district court prohibited Fordyce from challenging the constitutionality of the statutes because he had not sought a pretrial ruling allowing him to pursue the challenge and because the district court would have denied the request even if he had. It did allow him to testify about the quality-of-life benefits he allegedly derives from marijuana, but it denied his request to assert a medical-necessity defense. Fordyce never denied growing and smoking the marijuana, and he did not contest any of the state's evidence. He

testified that the residual effects of Lyme disease left him in pain that is relieved by using marijuana. He told the jury that he previously lived in Nevada, where marijuana may be prescribed for medical use, but he admitted that he never obtained a marijuana prescription there.

The jury found Fordyce guilty on both counts. The district court imposed the presumptive sentence of one year and one day in prison, but it stayed that sentence contingent on probationary conditions that included Fordyce's serving three brief jail terms spread over three years. It also imposed a $1,000 fine, which it said Fordyce could pay by performing community service work during his jail time.

Fordyce appeals from the district court's prohibiting him from raising a medical-necessity defense and from its imposing the fine.

**D E C I S I O N**

**I**

Fordyce argues that the district court should have instructed the jury that he could rely on a medical-necessity defense. We will not reverse the district court's jury-instruction decision unless it abused its broad discretion and prejudiced the defendant. *State v. Hannon*, 703 N.W.2d 498, 509 (Minn. 2005). Fordyce points to the federal and state constitutions and his right under them "to present a complete defense." *See California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 2532 (1984); *State v. Richards*, 495 N.W.2d 187, 191 (Minn. 1992). But this right is not absolute. *Hannon*, 703 N.W.2d at 506. The state's classifying marijuana as a controlled substance is constitutionally rational, *State v. Hanson*, 364 N.W.2d 786, 791 (Minn. 1985), and we do

4

not recognize a medical-necessity defense to charges of possession or use of marijuana, *State v. Hanson*, 468 N.W.2d 77, 79 (Minn. App. 1991), *review denied* (Minn. June 3, 1991). We recently reiterated that latter holding in *State v. Thiel*, 846 N.W.2d 605, 615–16 (Minn. App. 2014), *review denied* (Minn. Aug. 5, 2014), where we affirmed the drug-possession conviction of a defendant who held a California-issued medical-marijuana card.

Fordyce understands that *Hanson* undermines his position, but he asks us to reconsider its holding because he says political circumstances have changed. The doctrine of *stare decisis* directs us to abide by our earlier decisions. *Doe v. Lutheran High Sch. of Greater Minneapolis*, 702 N.W.2d 322, 330 (Minn. App. 2005), *review denied* (Minn. Oct. 26, 2005). We recognize that we might nonetheless overrule a prior decision. *See Koski v. Johnson*, 837 N.W.2d 739, 744 (Minn. App. 2013), *review denied* (Minn. Dec. 17, 2013). We might do so if, for example, the rationale for the rule of law that underlies the prior decision no longer exists or if the rule no longer applies because of clear social change. *Doe*, 702 N.W.2d at 330.

Fordyce provides meager support for his argument that we have reason to overrule *Hanson*. He offers only a survey from St. Cloud State University (implying that 76% of Minnesotans support legalized use of marijuana if prescribed by a physician) and a decision by the Washington Supreme Court (recognizing a medical-necessity defense to charges of marijuana use). These offerings fall far short of persuading us to put aside our precedent in *Hanson*. Fordyce has not demonstrated that *Hanson*'s rationale no longer exists. And to the extent he relies on increased public discourse and political discussion

5

on the topic, our constitution authorizes the legislature, not the court, to implement changes in public policy.

We add that even if Fordyce had convinced us that a medical-necessity defense might apply in some circumstances, he has not convinced us that it would apply to his. Although he insists that marijuana use eases his pain, he presented no evidence and made no offer of proof demonstrating its "necessity" to him. In other words, Fordyce essentially asks for a medical-*use* exception to the statute rather than a medical-*necessity* justification for violating it. We decline to overrule *Hanson* and hold that the district court did not abuse its discretion by denying the requested jury instruction.

## II

Fordyce also contends that we should remand the case, arguing apparently that the district court abused its discretion by not considering his indigence and not imposing a $50 fine, rather than the $1,000 fine that it imposed. He did not object to the fine at sentencing, so we review it only for plain error. *See State v. Ramey*, 721 N.W.2d 294, 297 (Minn. 2006). To prevail on a plain-error challenge, Fordyce must show that the district court's decision was error, that the error was plain, and that it affected his substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). Even if these three elements are met, this court still has discretion whether to address the error, guided by whether reversal is necessary to protect the fairness and integrity of the judicial proceedings. *Ramey*, 721 N.W.2d at 302.

Fordyce argues that the district court had to consider imposing a $50 fine (an option available because Fordyce qualified for a public defender) rather than to impose

6

the $1,000 fine. Neither the statute nor caselaw supports the argument. The maximum fine for the marijuana-sale conviction, based on Fordyce's previous conviction for a similar offense, is $20,000, Minn. Stat. § 152.025, subd. 1(b) (2012), while the minimum fine for a controlled-substances conviction is "not less than 30 percent of the maximum," Minn. Stat. § 609.101, subd. 3(a) (2012). The district court "may reduce the . . . minimum fine to not less than $50" if the defendant is eligible for a public defender. *Id.*, subd. 5(b). And it may allow him to pay the fine by performing community service. *Id.* But a district court need not consider the defendant's ability to pay when imposing a fine. *Perkins v. State*, 559 N.W.2d 678, 693 (Minn. 1997). The district court imposed a fine of $1,000 (or five percent of the statutory maximum, which is far below the statutory minimum of $6,000), and it specified that Fordyce could cover the fine through community-service work during his jail time. The district court "may" (not "must") reduce the fine as low as $50, and no ability-to-pay findings were necessary. The district court did not err at all, and so it did not plainly err, by imposing the fine.

**III**

Fordyce urges in a supplemental pro se brief that he received ineffective assistance of counsel from his public defender before he opted to proceed to trial pro se. A defendant claiming ineffective assistance of counsel must establish that his attorney's conduct was objectively unreasonable and that the deficient performance led to an unfavorable outcome. *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987). Even if Fordyce received ineffective assistance, it is unlikely that it affected the outcome. Fordyce asserts that his counsel erred by failing to invoke a medical-necessity defense

7

and to make pretrial motions to challenge the constitutionality of the marijuana sale and possession laws under the Privileges and Immunities Clause. We have already explained that medical necessity is not a defense to a drug-possession charge, so the attorney's failing to raise the defense was not constitutionally deficient. And the argument that the Privileges and Immunities Clause guarantees Fordyce the same right to consume medical marijuana in Minnesota as residents of states that have legalized medical use has no merit. The Privileges and Immunities Clause protects, against state infringement, those rights that derive from United States citizenship; it does not protect rights that derive from state law. *Snowden v. Hughes*, 321 U.S. 1, 6–7, 64 S. Ct. 397, 400 (1944). The clause certainly does not require Minnesota to adopt or apply any other state's marijuana law.

**Affirmed.**