STATE of South Dakota, Plaintiff and Respondent,

v.

Jerome KILLS SMALL, Defendant and Appellant.

No. 12057.

Supreme Court of South Dakota.

Argued Sept. 13, 1977.

Decided Sept. 6, 1978.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

John J. Burnett, Rapid City, for defendant and appellant.

MORGAN, Justice (on reassignment).

The defendant was charged with third-degree burglary in connection with a break-in at a liquor store in Scenic, South Dakota, on July 29, 1976. He was convicted by a jury verdict, sentenced, and now appeals. We reverse and remand for a new trial.

The defendant and others drove from Rapid City to Porcupine, South Dakota, on July 28, 1976, and started back to Rapid City on July 29, 1976. They stopped in Scenic, South Dakota, and spent some time drinking with friends. During the noon hour, several members of the group started across the street toward Ray's Liquor Store and then went around behind the store. The defendant testified that he felt there was going to be trouble, and that he left the area empty handed, got into his stationwagon, and left. His witnesses corroborated his testimony. Witnesses for the state testified that the defendant came running from behind the liquor store carrying two cases of beer, threw one case in his stationwagon and the other in his friend's car, and drove off.

Defendant was arrested on a warrant, had a preliminary hearing, and was bound over to answer the charge in circuit court. At arraignment, defendant pleaded not guilty and requested a jury trial. Upon trial, the jury found defendant guilty of third-degree burglary.

Among defendant's assignments of error in this appeal is the contention that the trial court erred in refusing to give an instruction on intoxication as it relates to the specific mens rea requirement of the crime of burglary in the third degree. Defendant contends that there was sufficient evidence before the jury to warrant said instruction, and that it was error for the trial court to deny defendant's request for the instruction.

■ Under South Dakota law, voluntary intoxication is not a defense to any criminal act.[1] Voluntary intoxication can be considered by the jury, however, in determining whether or not the defendant possessed the necessary specific mens rea.[2] The South Dakota Pattern Instructions even contains an instruction to this effect.[3]

The question before us is whether or not the trial court improperly refused defendant's request to give said instruction.

In *Zemina v. Solem*, 438 F.Supp. 455 (D.S.D.,1977), Aff. 573 F.2d 1027 (8th Cir. 1978),[4] a habeas corpus proceeding upon a state murder conviction, the South Dakota District Court, Nichol, Chief Judge, held that where evidence relating to the defense is present in the record, and where an instruction on that defense is requested by the defendant, the instruction should be given. At page 467, the court says,

It is well settled that a defendant is entitled to an instruction on his theory of defense if there is evidence to support it and a proper request is made. *United States v. Brown*, 540 F.2d 364 (8th Cir. 1976); *United States v. Nance*, 502 F.2d 615 (8th Cir. 1974), *cert. den.* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975); *Raftis v. United States*, 364 F.2d 948 (8th Cir. 1966).

1. SDCL 22–5–5 provides:

No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive, or intent with which he committed the act.

2. Id.

3. South Dakota Pattern Jury Instructions, Vol. 2, 2–14–6.

4. The Eighth Circuit panel adopted the reasoning in Chief Judge Nichol's "well-reasoned opinion" in affirming the judgment.

It is apparent from the record in this case that the defendant made timely request for the instruction.

■ The remaining determination is whether there was evidence present in the record relating to the defense. Examination of the record discloses that, while evidence of intoxication is not abundant,[5] it is sufficiently present to justify defendant's request that the question of the intoxication defense be left to the jury. In *Zemina v. Solem*, supra, the court states:

The fact that the theories [of defense] could be disputed, however, is not the point. Nor is the fact that the trial court may have disbelieved petitioner's testimony, or that this court may believe or disbelieve his testimony. The point is that the issues of credibility and the weight to be given the evidence were jury questions. 'It is not for the trial judge to assess the credibility of witnesses, to resolve conflicts in testimony or to weigh the evidence, as these are jury functions.' *United States v. Beran*, 546 F.2d 1316, 1320 n. 5 (8th Cir. 1976), *cert. den.* 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977).

■ While the appellant denied participating in the burglary in any manner,[6] logically, this should not preclude a defense of voluntary intoxication anymore than a plea of not guilty precludes a defense of entrapment. *State v. Nelsen*, S.D., 228 N.W.2d 143 (1975).

A similar situation was presented to this court in *State v. Plenty Horse*, 85 S.D. 401, 409, 184 N.W.2d 654, 658 (1971). In that case, this court said:

But whenever a particular or specific purpose, motive, or intent is necessary to constitute a particular crime, or degree of crime, the jury may properly consider the voluntary intoxication of the accused to determine the existence of the required purpose, motive, or intent. [Citations omitted.]

Intent to defraud is an essential element of the crime of forgery in the third degree. There was evidence defendant had been drinking at the time of the alleged offense and was 'slightly intoxicated' and the requested instruction or its pertinent part should have been given, *State v. Kapelino*, 20 S.D. 591, 108 N.W. 335, as there was sufficient proof to put the issue of intoxication 'within the province of the jury', [citations omitted].

Upon our finding that the defendant's request was timely made, and that there was sufficient evidence presented to require a jury determination on the intoxication defense, we hold that the trial court erred in denying defendant's request for an instruction to the jury to the effect that voluntary intoxication may be taken into consideration in determining whether the defendant had the specific mens rea required to commit the crime of which he is accused.

Since our holding as to the intoxication defense instruction necessitates a new trial, we need not discuss the remaining assignments of error.

Judgment is reversed and the case is remanded for a new trial.

5. We note in the record the following questions and answers:

Q. Now, did you think that you got drunk?
A. A little.
Q. Okay, did you get drunk enough that you don't remember what happened?
A. I 'member just about everything.
Q. Did anybody else appear to be more drunk than you or less drunk than you?
A. I didn't notice, I mean really, I didn't notice.
Q. But, basically, you were passing a bottle around?
A. Yes, everybody was having a good time, everybody was feeling good.

In addition there was testimony from one defense witness and one state witness that defendant had been drinking.

6. The defendant testified as follows:

Q. Did you break into Ray's?
A. No.
Q. Did you take anything away from Ray's?
A. No.
Q. Did you do anything to encourage Darrell Bush and Larry Cottier and all those other names who have been mentioned, who were over there at Ray's when all this liquor was found out in back?
A. No.

DUNN, C. J., and PORTER, J., concur.

WOLLMAN, J., and JONES, Circuit Judge, dissent.

JONES, Circuit Judge, sitting for ZASTROW, J., disqualified.

JONES, Circuit Judge (dissenting).

I must respectfully dissent.

I agree that a defendant is entitled to an instruction on his theory of defense if there is evidence to support it. I do not believe there was evidence in this case upon which any jury could reasonably find that Mr. Kills Small was intoxicated to the point where he lacked the specific intent to commit larceny. Accordingly, I do not believe the trial court committed reversible error in refusing to give South Dakota Pattern Jury Instruction # 2–14–6 as requested by the defendant.

I am authorized to state that Justice Wollman joins in this dissent.