UNITED STATES of America, Appellee,

v.

John Stanley CAMPBELL, Appellant.

UNITED STATES of America, Appellee,

v.

Riley Ray FULTZ, Appellant.

Nos. 79–1497 to 79–1500.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1979.

Decided Nov. 30, 1979.

Rehearing and Rehearing En Banc Denied Dec. 20, 1979.

---

Clark L. Holmes, Des Moines, Iowa, for appellants.

Don C. Nickerson, Asst. U. S. Atty., Des Moines, Iowa, for appellee; Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, on brief.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellants Riley Ray Fultz and John Stanley Campbell appeal from two separate jury convictions in the Southern District of Iowa. The jury in Nos. 79–1497 and 79–1499 [1] found the defendants guilty of robbing a federally insured bank in violation of 18 U.S.C. §§ 2113(d) and 2. The jury in Nos. 79–1498 and 79–1500 [2] found the defendants guilty of escape from federal custody in violation of 18 U.S.C. § 751(a). The contentions raised on appeal from the separate convictions are similar, and the appeals have been consolidated. We affirm the convictions.

On November 20, 1978, Fultz and Campbell were transported by the United States Marshal to the Story County Jail in Nevada, Iowa to await sentencing for a bank robbery conviction. They remained in the custody of the United States Marshal for the scheduled December 5, 1978 sentencing. Late November 26, 1978, or early November 27, 1978, Fultz and Campbell, along with two others, escaped from the Story County Jail.

After the escape, on January 26, 1979, Fultz and Campbell robbed the Central National Bank, Ingersoll Branch, in Des Moines, Iowa. They were arrested on February 10, 1979, in Panama City, Florida. The trial for escape began on May 23, 1979, and the defendants were found guilty. The trial for the bank robbery started on June 4, 1979, and also resulted in the convictions of Fultz and Campbell.

The defendants' first argument is that in neither trial were they allowed to present their theory of the case to the jury. Their defense at both trials was that they were coerced to commit the crimes. The theory they wished to present was that a prison gang called the "Wolverines" forced them to commit both crimes, the escape, and then the bank robbery, with death the punishment for their refusal. In both cases the trial judges denied motions by the defendants to produce as witnesses members of the gang incarcerated at Leavenworth prison. The motions were denied because the supporting affidavits were insufficient to show they could have satisfied the immediacy requirement of a coercion defense. In the bank robbery trial the judge simply refused to instruct on this theory of defense because of the insufficient evidence. The court in the escape trial additionally sustained the government's motion at the close of all evidence to strike evidence relating to the coercion defense.

■ Basically a defense of duress or coercion requires that there be an immediate threat of death or serious bodily harm which requires the defendant to commit the criminal act, and it must be in a situation in which there was no opportunity to avoid the danger. *United States v. Saettele*, 585 F.2d 307, 309 (8th Cir. 1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979); *United States v. Michelson*, 559 F.2d 567 (9th Cir. 1977); *United States v. Patrick*, 542 F.2d 381, 386–88 (7th Cir. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977); *United States v. Gordon*, 526 F.2d 406 (9th Cir. 1975). Additionally, most courts require the offender to surrender when the threat abates, this factor usually arising in escape cases. *United States v. Michelson*, 559 F.2d 567, 569–70 (9th Cir. 1977).

■ The defendants are required to introduce facts sufficient to trigger consideration of the coercion defense by way of an instruction. They must introduce evidence on all elements of the defense. *United States v. Patrick*, 542 F.2d 381, 388 (7th Cir. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977). If evidence is introduced, but it is apparent that all of the requirements of the coercion defense are not addressed, the trial court is not obligated to allow the evidence to remain for consideration by the jury. *United States v. Gordon*, 526 F.2d 406, 408 (9th Cir. 1975).

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, presiding, sentenced the defendants to fifteen years imprisonment.

2. The Honorable William C. Stuart, Chief Judge of the United States District Court for the Southern District of Iowa, presiding, sentenced the defendants to four years imprisonment.

■ We conclude that both trial courts correctly determined that testimony of members of the prison gang could not prove the immediacy of the threat, or show that Fultz and Campbell were unable to surrender when the threat abated. Therefore, they properly denied the motions to produce the witnesses. We also do not agree with the defendants' contention on appeal that testimony stating either defendant would have immediately killed the other in the event of disobedience of gang rules satisfied the immediacy or surrender requirements of the defense. Therefore, the trial courts properly excluded any instruction on the duress defense, and Judge Stuart in the escape case properly exercised his discretion in striking evidence related solely to that defense.

■ Requiring the defendants' allegations to meet the previously mentioned test for coercion before an instruction will be given does not unconstitutionally shift the burden of proof. The trial court may require the accused to place before the court facts giving rise to a coercion defense, which will then be instructed upon. At that point the prosecution must rebut the issues of coercion beyond a reasonable doubt. *See United States v. Hearst,* 563 F.2d 1331, 1336 n. 2 (9th Cir. 1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978); *United States v. Johnson,* 516 F.2d 209, 212–13 (8th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975). Defendants' burden of going forward to introduce sufficient facts to support an instruction on a coercion defense in no way altered the government's obligation to prove willfulness beyond a reasonable doubt, and the trial courts properly instructed the juries on the willfulness requirement.

■ Defendants next contend that both trial courts should have granted defense motions for a continuance on the grounds that harassment from prison officials at Leavenworth affected their preparation for trial. The granting of a continuance is in the sound discretion of the trial court and will be reversed only upon a showing of an

abuse of its discretion. *United States v. Lankford,* 573 F.2d 1051, 1054 (8th Cir. 1978); *United States v. Little,* 567 F.2d 346 (8th Cir. 1977), *cert. denied,* 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978).

■ Fultz and Campbell stated at trial and in their briefs that prison authorities denied them the opportunity to telephone counsel, monitored defendants' calls that were made, held up their mail, denied them access to the law library, and generally harassed them in preparation for trial.

The trial judges in each case acknowledged the seriousness of the charges made by defendants. Upon examination, the judges concluded the allegations of mistreatment did not prevent the defendants from adequately preparing for trial. The record indicates the following facts concerning trial preparation. Mr. Holmes was appointed counsel for defendants on February 28, 1979. Campbell was taken to Leavenworth March 31, 1979, and Fultz was transferred April 20, 1979. Fultz was granted the right to proceed pro se, with Mr. Holmes staying on as advisor, on May 21, 1979. Trial in the escape case began May 23, 1979, with the motion for continuance being filed the day before trial. In denying the motions, the record indicates the trial court noted the claims of abuse may have relevance to a 42 U.S.C. § 1983 action concerning treatment and conditions of confinement, but it had not been shown that the alleged abuse resulted in an inadequate defense.

■ When reviewing an appeal from a denial of a motion for continuance based on inadequate preparation for trial, this court has examined certain factors in determining whether there was an abuse of discretion. We will look to the amount of time granted for preparation, the conduct of counsel at trial, and whether prejudice appears from the record. *Tasby v. United States,* 451 F.2d 394, 399 (8th Cir. 1971), *cert. denied,* 405 U.S. 992, 92 S.Ct. 1262, 31 L.Ed.2d 459 (1972). Here the defendants had an adequate amount of time to prepare for trial with counsel before their departure

to Leavenworth, even if communication was in fact difficult thereafter. An examination of the record indicates defendant's attorney Mr. Holmes, and Mr. Fultz, pro se, conducted themselves ably at trial, and no prejudice due to inadequate preparation is apparent from the record. Significantly, defendants do not indicate what they were unable to do at trial which additional preparation would have allowed. It appears the main basis for the continuance was to produce coercion witnesses, which the court, after a hearing, properly denied. We, therefore, conclude there was no abuse of discretion in denying the motion for continuance.

Fultz makes other allegations in his pro se brief which relate to denial of due process for the same activity alleged above. We have carefully examined these contentions but find them lacking merit much for the same reasons mentioned above.

■ Finally, Fultz in his pro se brief alleges a remark made by Campbell to a prosecution witness in open court, and the resulting disruption, prejudiced Fultz and he should be entitled to a new trial. The court, attorneys, and defendants each related into the record their view of the incident. Upon examining the record, we cannot say the trial court abused its discretion in concluding Fultz would not be unfairly prejudiced by the incident. Campbell's comment in essence only alleged the witness was lying, and would not leave the jury with the impression that it was now more likely the defendants were guilty.

The convictions of Fultz and Campbell are affirmed.