STATE of South Dakota, Plaintiff
and Appellee,

v.

Charles Wesley WATKINS, Defendant
and Appellant.

No. 13463.

Supreme Court of South Dakota.

Considered on Briefs Dec. 9, 1981.

Decided March 3, 1982.

Mark W. Barnett, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Donald H. Breit, Sioux Falls, for defendant and appellant.

PER CURIAM.

Defendant, Charles Wesley Watkins, appeals his conviction for escape. We affirm.

Between the middle and end of August, 1980, at 7 a. m., defendant found a threatening note on the mattress in his cell at the South Dakota penitentiary. Because of the layout of the AC detention center where he was housed, defendant believed that the note came from a guard or the penitentiary administration. Consequently, he did not bring the note to the attention of any authorities.

On September 9, 1980, defendant swallowed a razor blade "to remove myself from my cell" because "I was in fear from the penitentiary." Defendant and another inmate, who also had swallowed a razor blade, were transferred to Sioux Valley hospital. At 3:00 a. m. on September 12, 1980, defendant managed to remove his leg irons, overpower the guard, and escape from the hospital because he was "scared to go back to the penitentiary."

Defendant was captured approximately six hours after the escape. During his hours of freedom, he went several places and made a number of phone calls in an attempt to find a ride south. He testified that he planned to contact an FBI agent in Minneapolis after he had secured a ride.

Defendant argues that the trial court erred by refusing to give an instruction on the defense of duress or necessity. We do not agree. In *State v. Miller*, 313 N.W.2d 460 (S.D.1981), we noted that the essential element permitting the submission of the defense of necessity to the jury is ' "a reasonable fear of death or bodily harm ... imminent or emergent ...." ' (Quoting *State v. Baker*, 598 S.W.2d 540 (Mo.App. 1980)).

Defendant failed to make any showing that he was in imminent danger of bodily harm. The single threat that defendant received in the penitentiary came from an unknown source two to four weeks before the escape. Defendant successfully escaped from the hospital by overpowering the guard by choking him with leg irons. Defendant testified that he had no concern for his personal life or welfare while in the hospital. Under the factual situation, the trial court correctly refused to submit the duress or necessity defense to the jury.

The judgment is affirmed.