**UNITED STATES of America, Appellee,**

v.

**Gary MAY, Appellant.**

No. 83–2091.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 8, 1984.

Decided Feb. 15, 1984.

Rehearing Denied March 29, 1984.

K. Richard Payne, Fort Wayne, Ind., for appellant.

Thomas E. Dittmeier, U.S. Atty., Larry D. Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Gary A. May appeals from his conviction for conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. For reversal he contends that the district court improperly struck defense evidence, exhibits, and jury instructions concerning a defense of duress and impeachment of a government witness. We affirm.

In January and February 1983 a Drug Enforcement Agency (D.E.A.) agent taped a series of telephone conversations in which May and an associate planned to purchase 200 pounds of marijuana for $48,000. They intended to close the deal in St. Louis with

two men who, unknown to them, were an informant and a D.E.A. Task Force detective working a "reverse sting" operation. After May showed the detective his purchase money and discussed the possibility of larger future transactions, the detective arrested May and his associate. At his trial, May presented a duress defense, supported by evidence which suggested that the government's informant had broken into May's home in October 1982, beaten May and his wife, and threatened them with death unless May paid a $20,000 debt he owed to the informant. Additional evidence suggested that in early January 1983 the informant harassed the Mays over the telephone, threatening to kill them if May did not participate in the marijuana deal. After the defense rested the trial court struck the defense evidence, exhibits, and proposed duress instructions.

■ A definitive statement of the elements of a duress defense appears in *Shannon v. United States*, 76 F.2d 490, 493 (10th Cir.1935):

Coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury.

*See also United States v. Saettele*, 585 F.2d 307, 309 n. 2 (8th Cir.1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979); *United States v. Patrick*, 542 F.2d 381, 386–87 (7th Cir.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977); *United States v. Gordon*, 526 F.2d 406, 407 (9th Cir.1975). Defendants must introduce sufficient evidence on all elements of the defense before the court will instruct the jury regarding duress. *United States v. Bailey*, 444 U.S. 394, 415, 100 S.Ct. 624, 637, 62 L.Ed.2d 575 (1980); *United States v. Campbell*, 609 F.2d 922, 924 (8th Cir.1979), *cert. denied*, 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980); *United*

*States v. Patrick, supra,* 542 F.2d at 388. Without proof of all elements of the defense, the evidence may be struck. *United States v. Campbell, supra,* 609 F.2d at 924.

■ The trial court properly struck May's duress evidence. Although the evidence may have suggested possible threats of death or serious bodily harm, no evidence suggested that May tried to escape or that his crime was inevitable. In fact, the D.E.A. agent testified that May proposed doubling the deal and asked about buying half a ton later. No evidence proved that May consulted the police about his assault or about his coerced participation in the drug deal. In addition, May apparently made no attempt to protect himself.

Similar actions by defendants in other cases have caused courts to reject their duress defenses: "if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defenses will fail." *United States v. Bailey, supra,* 444 U.S. at 410, 100 S.Ct. at 634, *quoting* W. LaFave and A. Scott, *Handbook on Criminal Law* § 49, at 379 (1972). *See also United States v. Saettele, supra,* 585 F.2d at 309 (no proof of attempt to escape or avoid the threatened danger); *United States v. Patrick, supra,* 542 F.2d at 388 (no attempt to inform court regarding coercion to refuse to testify); *United States v. Gordon, supra,* 526 F.2d at 408 (no evidence that defendant sought police protection or attempted to escape threats).

■ The trial court also properly struck May's evidence as it related to impeachment of the informant. Although the Federal Rules of Evidence allow impeachment of a witness's credibility, Fed.R.Evid. 607, the rules carefully limit methods of impeachment. Specific instances of a witness's conduct used for impeachment may not be proved by extrinsic evidence. Fed.R. Evid. 608(b). Impeachment by extrinsic evidence threatens to expand the trial to an inquiry into collateral matters which could distract and confuse the jury. *Carter v. Hewitt*, 617 F.2d 961, 971 (3d Cir.1980). Even where the evidence is arguably rele-

vant, Federal Rule of Evidence 403 allows its exclusion if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time. We find no abuse of discretion in the district court's striking of the impeachment evidence.

Accordingly, we affirm the district court's judgment.