UNITED STATES of America, Appellee,

v.

Julia Lynn FELDHACKER, Appellant.

No. 86–2531.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1987.

Decided June 8, 1987.

Rehearing Denied July 14, 1987.

Joseph G. Bertogli, Des Moines, Iowa, for appellant.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FAGG, Circuit Judge.

Julia Lynn Feldhacker appeals her conviction for distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Feldhacker contends the district court committed error first, in refusing to instruct the jury on the defense of coercion; and second, in responding to a question submitted by the jury during deliberations. We affirm.

Feldhacker claims the district court should have instructed the jury on the defense of coercion because her sale of cocaine to an undercover agent was motivated by threats from her brother Mark. In order to be entitled to the coercion instruction Feldhacker had to introduce evidence showing: (1) she was subject to coercion producing a well-grounded fear of immediate death or serious bodily injury if the criminal act was not done; and (2) she had no reasonable opportunity to avoid performing the act without facing that danger. *United States v. May*, 727 F.2d 764, 765 (8th Cir.1984); *see also United States v. Wells*, 773 F.2d 230, 231–32 (8th Cir.1985).

Feldhacker's evidence of coercion consisted of testimony by a second brother, Joe, who said he had witnessed a physical threat to Feldhacker by Mark. Joe testified Mark had a violent temper and was pressuring Feldhacker to sell cocaine for him. In addition, the undercover agent testified Mark was a known drug trafficker, and Feldhacker told the agent during conversations leading up to the sale that she was being threatened.

Even if we assume Feldhacker's evidence satisfied the first element of the defense, the record on the second element is to the contrary. Feldhacker had repeated telephone conversations setting up the purchase and assuring the agent of her reliability as a source. On the day of the transaction Feldhacker left and returned to the rendezvous point several times before the transaction was complete, demonstrating she had ample opportunity to discontinue her criminal activity and avoid any feared injury. We conclude the district court did not commit error in refusing to give the coercion instruction.

In addition to the distribution charge for selling cocaine to the undercover agent in 1985, evidence was presented at Feldhacker's trial on a second count stemming from a 1986 incident in which Feldhacker was charged with possessing cocaine with intent to distribute. During its deliberations the jury put the following question to the district court: "Can the evidence given in relation to [the distribution count] be considered when reaching a decision on [the possession count] or the other way around?" Over Feldhacker's objection, the court responded: "In reaching a verdict on each Count, you may consider all of the evidence that was received during the trial." Feldhacker was convicted on the distribution count, and a mistrial was declared on the possession count when the jury could not reach a verdict.

Feldhacker contends the district court's response constitutes reversible error because it allowed the jury to consider evidence offered on the possession count in determining her guilt on the distribution count. We disagree. The evidence is over-

whelming and uncontradicted Feldhacker sold cocaine to an undercover agent in 1985. Thus, any error in the supplemental instruction is harmless. *See* Fed.R.Crim.P. 52(a).

Feldhacker's conviction is affirmed.