**UNITED STATES of America, Appellee,**

v.

**Jessie Lee JACKSON, Appellant.**

**No. 87–2302.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 23, 1987.

Decided Feb. 3, 1988.

Anthony J. Sherman, Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Jessie Lee Jackson appeals his conviction for escaping federal custody in violation of 18 U.S.C. § 751(a). On appeal Jackson argues the district court abused its discretion in failing to give his requested jury instruction on duress. We affirm.

The evidence introduced at trial revealed Jackson was serving a twenty-five year sentence at the Federal Correctional Institution at Texarkana, Texas, for armed post office robbery. On March 18, 1987, Jackson was furloughed to travel to St. Francis halfway house in Little Rock, Arkansas. Jackson arrived on schedule and was informed of the rules and regulations at St. Francis. On March 24, 1987, Jackson signed out of St. Francis, indicating he was going to look for work and would return at

around three o'clock that afternoon. Jackson never returned, and he was apprehended on May 21, 1987, in Portland, Oregon. Jackson's defense at trial was that he had been threatened with physical harm if he remained in the Little Rock area.

The district court refused to give Jackson's requested instruction on the defense of duress. Jackson argues he presented evidence of the threats that formed the basis of his defense, and thus, the question of duress remained a fact issue on which the jury should have been instructed. We do not agree.

After Jackson had been apprehended and charged with escape, he told the program director at St. Francis he had been threatened with harm if he stayed in the Little Rock area. The program director testified Jackson did not mention anything while he was at St. Francis about being threatened. The program director also testified, as did an employment counselor at St. Francis, that neither he nor anyone else at St. Francis had been contacted by Jackson while he was at large. Jackson's mother, a resident of Little Rock, testified she had received two or three anonymous telephone calls threatening the lives of Jackson and his children. She testified she told only Jackson and the telephone company about the calls.

The district court did not abuse its discretion in declining to give the duress instruction. An escapee is not entitled to a duress instruction unless "he demonstrates * * *, given the imminence of the threat, violation of [section] 751(a) was his only reasonable alternative." *United States v. Bailey,* 444 U.S. 394, 411, 100 S.Ct. 624, 635, 62 L.Ed.2d 575 (1980). In addition, the escapee "must proffer evidence of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity [has] lost its coercive force." *Id.* at 415, 100 S.Ct. at 637. We need not consider the sufficiency of evidence demonstrating the imminence of any threats to Jackson because Jackson makes no claim he voluntarily surrendered in Portland, where the claimed threats to his safety in Little Rock had clearly lost

their coercive force. Under these circumstances, Jackson was not entitled to the duress instruction. *See United States v. Campbell,* 609 F.2d 922, 924–25 (9th Cir. 1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980).

Accordingly, Jackson's conviction is affirmed.