**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Anthony ROME, Sr., Defendant and Appellant.**

**No. 16668.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided March 14, 1990.

See also 426 N.W.2d 583.

Frank E. Geaghan, Asst. Atty. Gen., Pierre (Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief), for plaintiff and appellee.

Steve Miller, Sioux Falls, for defendant and appellant.

MILLER, Justice.

In this appeal, we reverse the holding of the trial court which prevented the defendant from presenting evidence in support of a justification/necessity defense in a parental childnapping case.

## FACTS

This is the second time this matter has been before us. In *State v. Rome*, 426 N.W.2d 19 (S.D.1988) (*Rome I*), we held that "the trial court committed reversible error in prohibiting the introduction of *any* evidence relating to [Rome's] justification/necessity defense." *Rome I, supra* at 21.

Prior to the new trial on remand, the trial judge requested that Rome make an offer of proof on his justification/necessity defense in order to review the sufficiency of the evidence. The evidence offered by Rome, among other things, asserted: that on several occasions the child (age six at the time of the claimed offense) had received bruises on his buttocks and legs at the hands of his mother and her boyfriend; that the child also expressed a fear to Rome of being returned to his mother after visitation; that this fear was also expressed to a medical doctor and psychiatrist who examined the child; that the doctor and psychiatrist both concluded, based upon visits with Rome and child and the observations made, that the child should remain with Rome.

During all times material herein, and for several previous months, Rome and the mother were embroiled in a custody battle involving courts in both Minnesota and South Dakota. Both parents, at one time or another, had legal custody of the child. (Rome claims he had been the sole custodial parent for all but approximately nine months of the child's life.) Rome believed that the judicial custody proceedings would not be effective in protecting the child. He was allegedly convinced that the judge in those proceedings was predisposed, prior to hearing, to rule against him. Rome assert-

ed, among other things, that the civil judge disregarded the medical opinions and had made statements that convinced him and his civil counsel that there was no way they would prevail on the merits. In fact, Rome's civil counsel had apparently advised him, based on a conversation with the civil judge, that the final custody hearing would be meaningless. After a visit in October, 1986, Rome decided not to return the child to his mother due to continuing evidence of physical abuse on the child.

The trial court denied the offer of proof and refused to allow Rome to present the foregoing evidence at trial, stating only that it would not support the defense.

### ISSUE

WHETHER THE TRIAL COURT ERRED IN PROHIBITING DEFENDANT FROM PRESENTING EVIDENCE RELATING TO HIS "JUSTIFICATION/NECESSITY" DEFENSE.

### DECISION

*State v. Miller*, 313 N.W.2d 460, 462 (S.D.1981), outlines the test for determining when the justification/necessity defense is properly submissible to the trier of fact.

> [T]he defense of necessity [is] properly raised 'when the offered evidence, if believed by the jury, would support a finding by them that the offense ... was justified by a *reasonable* fear of death or bodily harm so *imminent or emergent* that, according to ordinary standards of intelligence and morality, the desirability of avoiding the injury outweighs the desirability of avoiding the public injury arising from the offense committed....' (Emphasis added.)

This subject was recently discussed by us in the case of *State v. Boettcher*, 443 N.W.2d 1 (S.D.1989). Although the court was split (3 to 2) on the ultimate outcome in *Boettcher*, it was unanimously agreed that under the settled authority of this state the justification/necessity defense *is* available when the offered evidence would support a jury finding that the offense was justified by a *reasonable* fear of death or bodily harm that is *imminent or emergent* according to ordinary standards of intelligence and morality.

In this appeal, we must review the law with respect to the reasonableness of Rome's fear and whether the asserted bodily harm to the child was of an imminent or emergent nature. (The trial court did not specifically address either of these or state its reasons for refusing Rome's evidence on this defense.) More simply stated, was Rome's claimed fear of bodily harm to his child, i.e., continued physical abuse at the hands of the mother and her boyfriend and that the custody proceedings judge was predisposed to rule against him, a reasonable belief given the facts and circumstances he knew or should have known at the time? *See Boettcher, supra* at 4, (the defense of necessity should involve a consideration of the "circumstances surrounding the crime based upon a reasonable person standard") (citing *Miller, supra*, and *State v. Baker*, 598 S.W.2d 540 (Mo.App.1980).)

▪▪ The reasonableness of Rome's fears, and ultimately the reasonableness of his actions in view of his fears, in light of a justification/necessity defense are matters for determination by the jury and *not the trial court. Boettcher, supra; Miller, supra*. Further, it must be decided whether the feared bodily harm was imminent or emergent in nature. *Boettcher, supra; Miller, supra*.* The evidence tendered via the offer of proof clearly would indicate recent and continued physical abuse between visitations, which had begun just a few months prior to Rome's retention of the child.

▪▪ We conclude that the offer of proof would support a jury finding that the offense was justified by a reasonable fear of imminent or emergent bodily harm. The existence of a slight amount of evidence as it relates to the defense of justification/ne-

---

* In *Boettcher, supra*, the majority held that the suspected sexual abuse of the child, although expanding over approximately a three-year period, *was not* too remote in time therefore being imminent and emergent. (this author dissented)

cessity is sufficient. *See Conaty v. Solem,* 422 N.W.2d 102 (S.D.1988) (even a slight amount of evidence is sufficient to raise the issue of self-defense), and *State v. Kills Small,* 269 N.W.2d 771 (S.D.1978).

Reversed and remanded.

MORGAN, HENDERSON and SABERS, JJ., concur.

WUEST, C.J., dissents.

WUEST, Chief Justice (dissenting).

In my opinion the majority has failed to mention the most important fact *in the offer of proof,* that is: the defendant kidnapped the child a week before a scheduled custody hearing. The pendency of the legal custody hearing was the defendant's legal alternative to kidnapping.

The rationale of the necessity defense lies in the defendant being required to choose between the lesser of two evils and thus avoiding a greater harm by bringing about a lesser harm. The necessity defense can therefore be said to require a showing of three essential elements:

1) The act charged must have been done to prevent a significant evil; 2) There must have been no adequate alternative; 3) The harm caused must not have been disproportionate to the harm avoided.

*Cleveland v. Municipality of Anchorage,* 631 P.2d 1073, 1078 (Alaska 1981); *Gerlach v. State,* 699 P.2d 358, 360 (Alaska App. 1985).

As can be seen from the foregoing, the necessity defense is very limited and depends on the lack of a legal alternative to committing the crime. This defense does not apply except in emergency situations where the threatened harm is immediate and the threatened disaster imminent. It excuses criminal conduct only if it is justi-

fied by a need to avoid an imminent peril and there is no time to resort to legal authorities. The Defendant must be stripped of all options by which he might avoid both evils. *State v. Johnson,* 320 N.W.2d 142, 147 (S.D.1982); *State v. Walton,* 311 N.W.2d 113, 115 (Iowa 1981); *State v. Reese,* 272 N.W.2d 863 (Iowa 1978); *State v. Johnson,* 289 Minn. 196, 183 N.W.2d 541, 544 (1971). *See also* LaFave and Scott, *Handbook on Criminal Law,* § 50, at 388 (1972); *Wharton's Criminal Law* § 588 (14th ed. 1978).

As was stated by the court in *People v. Patrick,* 126 Cal.App.3d 952, 179 Cal.Rptr. 276, 282 (1981):

... Although the exact confines of the necessity defense remain clouded, a well established central element involves the emergency nature of the situation, i.e. the imminence of the greater harm which the illegal act seeks to prevent. (Citation omitted). The commission of a crime cannot be countenanced where there exists the possibility of some alternate means to alleviate the threatened greater harm.

*Citing,* LaFave and Scott, *Handbook on Criminal Law, supra. See also, State v. Johnson,* 183 N.W.2d at 543. In the present case, there clearly were alternative means, other than kidnapping, to alleviate the threatened greater harm. For this reason then, I would uphold the decision of the trial court.