# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3138

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Jose Jesus Madrigal, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 9, 1999

Filed: March 30, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and GOLDBERG,[1] Judge of the U.S.
Court of International Trade.

_____

HEANEY, Circuit Judge.

Jose Jesus Madrigal appeals from the district court's finding of criminal contempt.  We affirm.

_____

[1]The Honorable Richard V. Goldberg, Judge of the U.S. Court of International Trade, sitting by designation.

Madrigal was convicted of drug conspiracy charges and sentenced to serve eighty-four months in prison. His conviction was affirmed by this court. See United States v. Madrigal, 152 F.3d 777 (8th Cir. 1998). A co-conspirator was subsequently convicted, and Madrigal was brought to the district court to testify at the co-conspirator's sentencing hearing. Madrigal promptly filed pleadings indicating he would refuse to testify at the sentencing hearing. Thereafter, the United States filed a motion for compulsion order requesting that an order be issued granting Madrigal use immunity and compelling his testimony at the co-conspirator's sentencing hearing. Madrigal promptly filed a motion to quash the order to compel his testimony, claiming that if he were required to testify, his life would be in danger. After holding a hearing, the district court found that the government proved beyond a reasonable doubt that Madrigal willfully violated a clear and specific order of the court. See United States v. Rapone, 131 F.3d 188, 192 (D.C. Cir. 1997). It then issued an oral order finding Madrigal guilty of criminal contempt and sentenced him to sixty days to be served consecutive to the sentence previously imposed for Madrigal's drug conspiracy convictions.

The district court, relying on dictum in Piemonte v. United States, 367 U.S. 556, 559 n.2(1961), and two Eighth Circuit cases, In re Long Visitor, 523 F.2d 443, 448 (8th Cir. 1975), and LaTona v. United States, 449 F.2d 121, 122 (8th Cir. 1971), held that fear of reprisal is not a defense in a criminal contempt proceeding. We need not decide in this case, however, whether duress can ever be a defense in a criminal contempt charge. We are satisfied from the record that Madrigal made no showing that he had been threatened by his co-conspirator, let alone that he had been threatened with death or serious bodily injury. See United States v. May, 727 F.2d 764, 765 (8th Cir. 1984) (stating elements of a duress defense).

Madrigal also urges that because he relied on advice of counsel in refusing to testify at his co-conspirator's sentencing hearing, the willfulness and intent element of criminal contempt was missing. We disagree. The problem is that Madrigal was

specifically asked at the contempt hearing whether he was refusing to testify based upon a privilege or any other basis, and he refused to answer. Thus, it is difficult to understand how an advice-of-counsel defense is available to Madrigal.

Finally, the district court did not abuse its discretion in denying Madrigal's motion to dismiss based on a claim of vindictive prosecution. See United States v. Kelley, 152 F.3d 881, 885-86 (8th Cir. 1998).

For the reasons stated above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.