**UNITED STATES of America, Appellee,**

v.

**Ralph Lamont NUNN, a/k/a Monte Duke, Appellant.**

No. 90–5410MN.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1991.

Decided July 23, 1991.

Thomas H. Shiah, Minneapolis, Minn., for appellant.

Denise D. Reilly, argued (Jerome G. Arnold and Denise D. Reilly, on brief), Minneapolis, Minn., for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

FAGG, Circuit Judge.

Ralph Lamont Nunn appeals his drug-related convictions and sentence. We affirm.

This case arises from the reverse sting operation targeting Ralph Duke, Nunn's father. *See United States v. Duke*, 940 F.2d 1113 (8th Cir.1991). During Nunn's first trial on the charges in this case, he attempted suicide. The district court declared a mistrial and committed Nunn for psychological examination under 18 U.S.C. § 4241(b). A psychologist at the Federal Medical Center found Nunn competent to stand trial and also found Nunn suffered from posttraumatic stress disorder (PTSD).

At his second trial, Nunn was convicted. Nunn asserts we should reverse his convictions because the district court excluded the psychologist's expert testimony that Nunn had PTSD when he committed the crimes. In an offer of proof, the psychologist gave his opinion that because Nunn had PTSD, Nunn was unable to say "no" to his father, and thus was incapable of getting away from his father and from drug dealing. Finding the probative value of the psychologist's testimony was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, the district court excluded the testimony. Nunn contends the psychologist's testimony supported his defenses of entrapment and coercion.

■ We review the district court's decision to exclude expert testimony for abuse of discretion. *United States v. Cortez*, 935 F.2d 135, 138 (8th Cir.1991). Expert testimony is admissible only when the expert's specialized knowledge will help the jury understand the evidence or determine a fact in issue. Fed.R.Evid. 702; *Cortez,*

935 F.2d at 138 (expert testimony admissible under rule 702 only when the testimony will assist the finder-of-fact).

■ Nunn contends the psychologist's testimony would have helped the jury evaluate his entrapment defense. To establish this defense, Nunn was required to show the government induced him to engage in the crimes and he lacked the necessary predisposition to perform the criminal conduct. *United States v. Hinton*, 908 F.2d 355, 357 (8th Cir.1990). Expert testimony of a psychiatrist or psychologist is admissible to prove a defendant's unusual susceptibility to inducement. *United States v. Newman*, 849 F.2d 156, 164–65 (5th Cir. 1988). The expert "may testify that the defendant's mental [disorder] made him more susceptible than the usual person to persuasion by government agents." *Id.* at 165. Nevertheless, a district court does not abuse its discretion by excluding this testimony if it would " 'confuse the jury and not shed any light on the issue.' " *Id.* (quoting *United States v. Benveniste*, 564 F.2d 335, 339 (9th Cir.1977)). Here, testimony that Nunn was unable to say "no" to his father does not show Nunn was especially vulnerable to inducement by government agents. Because the psychologist's testimony would not have helped the jury understand Nunn's defense of entrapment, the district court did not abuse its discretion in excluding the testimony for this defense.

■ Nunn also contends the excluded testimony would have supported his coercion defense. At trial, Nunn suggested his father motivated him to join and to remain involved in the family drug dealing business by threatening to harm Nunn if Nunn did not cooperate. To establish the defense of coercion, however, Nunn had to demonstrate "a well-grounded fear of immediate death or serious bodily injury if the criminal act was not done" and "no reasonable opportunity to avoid performing the act without facing that danger." *United States v. Feldhacker*, 820 F.2d 279, 279 (8th Cir.1987). The psychologist's testimony would have shed no light on the elements of this defense. Thus, the district

**1150**

court did not abuse its discretion in excluding the testimony. In any event, Nunn presented no evidence he was in immediate danger of death or serious bodily injury. This being the case, the district court's instruction to the jury on coercion was merely gratuitous, and any error committed in excluding the testimony was harmless.

Nunn's argument he was entrapped as a matter of law has no merit in light of the overwhelming evidence of predisposition in the record. Nunn's assertions the district court committed error in calculating his base offense level and in refusing to reduce his sentence for acceptance of responsibility are also without merit.

Accordingly, we affirm.