Pam GILLIAM, Appellee,

v.

ROCHE BIOMEDICAL
LABORATORIES,
INC., Appellant.

No. 92–1854.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1992.

Decided March 25, 1993.

Rehearing and Rehearing En Banc
Denied May 25, 1993.

Bettina E. Brownstein, Little Rock, AR (argued), (James M. Moody and Kathryn A. Pryor, on the brief), for appellant.

David A. Hodges, Little Rock, AR (argued), for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Roche Biomedical Laboratories, Inc. (RBL) appeals a $250,000 award to Pam Gilliam for damages stemming from RBL's negligence in misreading her pap smear. RBL contends the district court abused its discretion in admitting expert testimony that Gilliam faces the theoretical possibility of invasive cancer and erred in instructing the jury on damages for future mental anguish. We affirm.

## I.

Following some menstrual irregularities, Pam Gilliam had a pap smear [1] done. RBL incorrectly read the pap smear as Class I, exhibiting no abnormalities. The pap smear was audited over a year later, and was reread as Class III, containing precancerous abnormalities. Gilliam was informed of the error and obtained a new pap smear, which was diagnosed as Class IV, having severe, noninvasive carcinoma. Several months after the second pap smear, she had a hysterectomy.

Gilliam sued RBL, seeking compensation for damages resulting from the misread pap smear. As the case neared trial, RBL brought a motion *in limine* to exclude the expert testimony of Dr. Larry S. Milner regarding a "theoretical possibility" that the delay in treatment could have caused Gilliam's cancer to become invasive and spread. The district court denied the motion.

RBL conceded negligence, and the jury considered the issues of proximate cause and damages. Gilliam sought compensation for damages including the permanency of the injury, lost earning ability, lost wages, medical expenses, future psychological counseling costs, and past and future mental anguish. The jury returned a general verdict awarding Gilliam $250,000. RBL brought a motion for judgment n.o.v. (JNOV) and new trial, which the district court denied. RBL appeals.[2]

## II.

RBL contends the district court erred in admitting Dr. Milner's expert testimony mentioning a "theoretical possibility" that the delay in Gilliam's treatment caused her cancer to become invasive and spread.

RBL argues Dr. Milner's speculative testimony provided the only link between the misread pap smear and an increased risk of cancer after the hysterectomy.

■■ We review the district court's admission of Dr. Milner's testimony under an abuse of discretion standard. *United States v. Nunn*, 940 F.2d 1148, 1149 (8th Cir.1991). Under Arkansas law, the medical probability test requires expert medical testimony regarding causation to show a reasonable certainty in order to be admissible. *Chaney v. Smithkline Beckman*, 764 F.2d 527, 529 (8th Cir.1985). In this case, because Dr. Milner's expert medical testimony regarding the "theoretical possibility" of invasive cancer did not seek to show that RBL's negligence *caused* a future possibility of disease, the medical probability test does not apply. Although Dr. Milner's testimony did not establish a reasonable medical probability of future disease, it became relevant to help the jury evaluate the reasonableness of Gilliam's fear of disease and for calculation of appropriate compensation. *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 468 (5th Cir.1985). Thus, the testimony was properly admitted as evidence relevant to her fear.

## III.

■ Next, RBL contends the district court erred in instructing the jury on future mental anguish. The jury was instructed, in relevant part,

If you decide that the plaintiff is entitled to a verdict, then you must fix the amount of money which will reasonably and fairly compensate her for any of the following four elements of damage sustained which you find were proximately caused by the negligence of the defendant.... Third: Any pain and suffering

---

1. A Papanicolaou test, or pap smear, is a diagnostic tool commonly used to detect cervical cancer. The findings of the test are classified from Class I to Class V, with Class I indicating no abnormalities and Class V indicating the definite presence of cancerous cells. *See* Dorland's Illustrated Medical Dictionary 1688 (1988).

2. Technically, RBL appeals from the order denying its motion for JNOV and a new trial.

Proper procedure would dictate an appeal from the final judgment dated December 17, 1991. 28 U.S.C. § 1291 (1988). Nevertheless, because the appeal is otherwise properly taken and RBL's intent to appeal from the final judgment is clear and Gilliam is not prejudiced, we will treat the appeal as if taken from the final judgment. *Champeau v. Fruehauf Corp.*, 814 F.2d 1271, 1273 n. 1 (8th Cir.1987).

and mental anguish experienced in the past and reasonably certain to be experienced in the future.

Tr. at 775; *see* Arkansas Model Jury Instruction 2205. RBL contends the jury should not have been allowed to consider Gilliam's claim of damages for future mental anguish because her mental anguish would not be caused by a reasonable fear of cancer as a result of RBL's actions. RBL argues the jury award compensated Gilliam for unreasonable fear and mental anguish. Gilliam counters that she will suffer fear over the possibility of cancer and the fear stems from RBL's negligent reading of her pap smear. If it had not been for the inaccurate reading and the subsequent delay in treatment, she would not have a heightened fear of cancer.

■ Federal courts[3] have held that injured parties may recover for future mental anguish over the possibility of disease, even when a negligent act fails to create an increased risk of disease. *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1206 (6th Cir.1988); *Dartez*, 765 F.2d at 468. To be actionable, future mental anguish must be reasonable. *Hagerty v. L & L Marine Servs.*, 788 F.2d 315, 318 (5th Cir.1986); *Hennessy v. Commonwealth Edison*, 764 F.Supp. 495, 504 (N.D.Ill.1991); *Stites v. Sundstrand Heat Transfer*, 660 F.Supp. 1516, 1526 (W.D.Mich.1987).

It cannot be said that Gilliam's fear of cancer is unreasonable as a matter of law so as to justify an instruction removing the issue of future mental anguish from the jury.[4] RBL proposed a correct jury instruction adequately addressing its concerns:

As I just instructed you, you may award the plaintiff damages for any mental anguish she has experienced in the past and is reasonably certain to experience in the future.... To recover

damages for her fear of cancer, the plaintiff must prove ... her fear is reasonable and justified under the circumstances....

Def. Roche's Req. Jury Instr. on mental anguish (U.S.D.C. No. PB–C–90–421).

The district court did not accept the proffered instruction, but submitted an instruction based on the Arkansas model jury instruction.

At the instruction conference, the trial judge correctly summarized the law, reiterating that Gilliam's fear of cancer must be reasonable. Tr. at 681, 690. If RBL had objected to the submitted instruction and requested that the trial court give its proposed jury instruction, limiting recovery for future mental anguish to situations in which the fear is "reasonable and justified under the circumstances," relief might be appropriate. However, RBL failed to object to the jury instruction, Tr. at 779, and has not raised the instruction issue on appeal. Moreover, the trial court advised RBL that it could argue that no "reasonable" fear existed and RBL made such an argument. Tr. at 690, 760–61. Thus, no plain error exists and we will not grant a new trial here for the erroneous instruction.

Accordingly, we affirm.

---

**3.** In this action based on diversity jurisdiction, we first examine Arkansas state law. However, because the issue of whether one can recover for fear of cancer absent an increased likelihood of developing the disease is an issue of first impression, we turn to the decisions of other jurisdictions.

**4.** RBL also appeals the denial of its motion for JNOV. The motion, however, is simply a renewal of its objection to the district court submitting the issue of future mental anguish to the jury. It was proper for the jury to consider the issue and therefore we sustain the district court's denial of the motion for JNOV.